We'll now move to Appeal 23-1201. This is Singh v. Bondi. And we'll begin with oral argument first from Mr. Budzinski. Good morning, Your Honors. Budzinski for Petitioner Singh. There's one issue today and it concerns the term employment in 8 U.S.C. Sections 1255C and K. These sections prohibit adjustment of status to permanent residency if an applicant engages in unauthorized employment exceeding 180 days. The length of time is not an issue here. The period exceeded 180 days, but below, the agency concluded that Singh engaged in unauthorized employment and denied his application to adjust status. Singh is a Sikh priest. He entered on an R1 visa. The petitioner for the visa was a temple in Wisconsin, and that temple sent him to perform his religious duties at other temples. The Sikh temple in Wisconsin, however, continued to pay his wages, although the temples that he was sent to provided room and board. Below, the agency concluded that this constituted unauthorized employment. The regulations at HCFR 274A1HFG define the terms employment, employee, and employer, and they require the provision of services for wages or other remuneration. Similarly, the board and hall use the phrase in return for. From this, we can conclude that we are looking for a quid pro quo. That is the performance of the duties in exchange for wages or other remuneration. Is the challenge that's being made to the IJ's finding that receiving food and lodging constitute compensation, is that a challenge to a factual finding? I don't think so, Your Honor. So I think the underlying facts here are undisputed, and what we're doing is applying those facts or applying the law to those facts in determining whether this is employment. We only have jurisdiction to review challenges on legal questions, constitutional questions. What is your best argument to say that the challenge that's been brought here by this petitioner is in that bin? So first, I think one of the questions we're asking is, what is the meaning of the word employment in the statute? I think that's a purely legal question. Additionally, I don't think we're challenging any of the factual findings. I think they're undisputed, and in that sense, we have an application of the law to the facts. That's a mixed question, and that's still reviewable under Wilkinson. Here we're looking at just other remuneration as the Wisconsin Temple continued to pay Sings wages. Wilkinson is in the context of cancellation of removal. Is there a certain authority that you're pointing to for a standard review for us for adjustment of status context? So in Wilkinson, they told us that mixed questions are reviewable as questions of law. It falls within that term. Questions of law are generally reviewed de novo, and we would ask the court to review this issue de novo. There is, of course, respondents' argument that deference needs to be given here, and they're asking for substantial evidence review. But because we can't review the underlying facts, only the application of law to those facts, I think it's already inherently deferential, and de novo review would be appropriate. The agency concluded that the other remuneration that Singh received was the room and board. This room and board falls short of the full support provided in Hall. Hall was also provided clothing, medical expenses, transportation, entertainment, toiletries, and other personal expenses. Singh was not. And on top of this, the Sikh temples offered the meals and lodging to anyone who was in  Something that's free and available to other people who need it is not remuneration. That is something that would not attract and keep employees as it would be available without regard to whether the person was performing any services. A similar concept comes up in taxation. Meals and lodgings furnished for the convenience of the employer. 26 U.S.C. section 119 excludes such meals and lodging from an employee's gross income. This is premised on being provided for the convenience of the employer as opposed to in exchange for the employee's services. So even if the room and board here were not already offered free, it would be offered for the convenience of the temple as Singh's religious duties began at 2.30 in the morning and continued throughout the day. In such circumstances, there's no quid pro quo. The room and board is being offered for the convenience of the temple or the benefit of the temple, not in exchange for its services. Additionally, the temple in Wisconsin controlled Singh's work and his wages. Only that temple paid his wages. He was not free to go to other temples. He was not free to refuse these assignments. He could have been fired. He also maintained contact with the Wisconsin temple. If Singh wanted a raise, he would contact the Wisconsin temple. If there were any complaints about his service, the Wisconsin temple would be contacted. And under these circumstances, the employer-employee relationship was only to the Wisconsin temple. Respondent addresses the merits here and I've largely addressed our arguments, but there's a couple other things we should discuss as well. First, respondent argues that Singh testified that the Bakersfield temple did not provide lodging to others. I don't believe that's accurate. I don't think it was particularly addressed specifically, but Singh explained that it is a tenant of the Sikh faith that all temples provide a place to rest. Respondent argues that Singh received special lodging. I don't think that's supported by the record as well. He stayed in a separate room, but there's nothing to distinguish his room from a room that he would have received had he not been providing the services. Respondent also argues that the temples could dismiss Singh and therefore control his employment. However, this is not being able to fire him or control his employment because even if the services were no longer needed at the temple, he would still have his employment with the Wisconsin temple. Respondent also discusses the use of temples using various employer ID numbers. I don't think this matters at all because we're looking for the quid pro quo. We would ask that the court reverse and remand this case. Employment requires a quid pro quo and the one doesn't exist here except to the Wisconsin temple. And if there aren't any further questions, I'll reserve the remainder of my time. Thank you, Mr. Budzinski. We'll move now to Ms. Groff for you for argument on behalf of the Apple League. I should say you're the Apple League. Good morning, Your Honors. It may please the court. Stephanie Groff for the Attorney General. Your Honors, this court should dismiss Mr. Singh's petition for review as this court lacks jurisdiction to review the agency's determination that he did not merit a grant of adjustment of status. Specifically, Mr. Singh seeks to avoid the statutory jurisdictional hurdle by framing his challenges to the agency's denial as a legal question of what constitutes employment. However, at bottom, he is challenging the immigration judge's specific factual findings relating to lodging, food, and who had control over his work, which the board appropriately reviewed the immigration judge's findings for clear error, indicating that these are factual findings. Because it is a disputed factual finding, this court lacks jurisdiction pursuant to 1252. To answer one of Judge Brennan's questions posed to my friend on the other side, looking at Wilkinson is appropriate here because 1252A2B notes cancellation of removal as one of the relief that one, the circuit court, cannot look at. And in that, it also states adjustment of status. So it lists various forms of relief that are discretionary. Then it cites to A2D, which says that it needs to be constitutional questions or questions of law. And so while Wilkinson specifically was addressing cancellation of removal, the respondent argued in its brief and in our recent supplemental authorities that this court can look to Wilkinson and the recent decision in this court in Santos to indicate whether you have jurisdiction or not. Is that dicta or holding? Wilkinson. The particular point that you're making about the inclusion of adjustment of status. It is part of Wilkinson. It specifically is talking about cancellation of removal and the application of law to fact that those premises can be directly applied, we are arguing, and is not dicta. While this court, I noted that we filed a recent supplemental authority in Santos, but while that case dealt with cancellation of removal, this court can look at it for the same premise that disputed facts are still unreviewable, and that's what we have here. Importantly, while my friend on the other side just listed various facts that the respondent pointed to that he disagrees, those specific ones constitute disputed facts. And therefore, this court cannot look at it, specifically as it relates to the lodging and the food provided. As Mr. Singh's counsel noted, he was petitioned through U.S. Citizenship and Immigration Service to work at a Sikh temple in Wisconsin. While there is no dispute that he never worked there, in the record, the immigration judge made factual findings that the food and lodging that he received from the three other temples that he worked for were given for his services, meaning that he was outside of the scope of what his original visa was for. Additionally, the control. My friend on the other side claims that that's not at issue here, but who had control over him is a factual finding that cannot be reviewed because it is disputed. In fact, the immigration judge found that it was not clear that the Wisconsin temple had control over him. Mr. Singh testified and noted before the board in his appeal that the other temples had the ability to possibly let him go if his services fell below a certain standard. He even testified before the immigration judge that the different temples told him what to do on a day-to-day basis. These findings are factual findings that are disputed, and we argue that the court cannot review them. Now, if this court were to disagree with us as it relates to whether these are disputed or not, even assuming that they're not in dispute and this court were to assume jurisdiction, that's where our alternative argument relating to Wilkinson and reviewing a mixed question comes in. The government believes that this mixed question, so undisputed facts applying the law to that, should be reviewed under substantial evidence standard of review. And in this court's recent decision I've mentioned in Santos-Mendoza that was recently published, while this court did not decide whether for cancellation or removal it should be reviewed under clear error or substantial evidence, we argued in our brief and today that substantial evidence is the more appropriate standard. While there is very minimal difference between these, and we're getting really into the nitty-gritty of it, substantial evidence is the standard review utilized in immigration and APA proceedings when looking at immigration judge's factual findings, and so we would ask the court to follow that. Under substantial evidence standard or clear error standard, here the record supports the agency's finding. I'll note that my friend on the other side asked that this court review it de novo, but in Santos-Mendoza this court specifically rejected for cancellation reviewing it de  It talked about Wilkinson and how it noted that when there are undisputed facts applying it to the law and whether it meets, it's clear from Wilkinson that it needs to be some discretion to the agency, to the finding, and therefore de novo is not the appropriate standard. And we would reiterate that finding that de novo is not appropriate here, but under de novo, under clear error, under substantial evidence, which we ask, the record firmly supports the agency's decision. And let me just specifically turn to our argument that petitioner on his appeal to this court weighed various factual findings that are dispositive. Specifically, the agency found that there was nothing to indicate that the Wisconsin Temple informed USCIS that he would be loaned out to other temples, therefore exceeding the scope of his employment. He was petitioned on a temporary nonimmigrant worker visa to work at the Wisconsin Temple by admitting that they did not tell USCIS that he would go to other temples. The immigration judge took issue with that and found that that demonstrated that this was unauthorized employment. In addition, the board held that on appeal, he noted that the various temples had different IDs, employment IDs for USCIS, which indicate that they themselves would be able to petition for him if they wanted him to work, which is also demonstrated by the fact that the Greenwood Temple eventually did petition for a nonimmigrant visa and ultimately what we have here, the permanent immigrant visa. These factual findings were not addressed before this court and therefore waived, and they are at issue because it specifically supports the agency's finding. So, if you reach that, we would argue that substantial evidence, in addition to the other findings, support what we have here. And if there are no further questions. Very good. Yes. Thank you so much. Thank you, Ms. Groff. Mr. Budzinski, we'll go back to you now for rebuttal argument. Respondent argued that the immigration judge's conclusion that room and board was given for his services is a finding of fact. I don't see that. I view that as a conclusion of law that goes to the very legal conclusion whether this was an employment relationship, whether there was a quid pro quo at all. This isn't a finding of fact. This is a conclusion of law based on the circumstances that were testified to, the circumstances that are in the evidentiary record. Whether this existed is whether employment existed at all. And if there are no further questions. Thank you. Thank you, Mr. Budzinski. Thank you, Ms. Groff. The case will be taken under revision.